KATHY A. DOCKERY
CHAPTER 13 TRUSTEE
801 S. FIGUEROA ST., SUITE 1850
LOS ANGELES, CA 90017
PHONE: (213) 996-4400
FAX: (213) 996-4426

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>CELIA SALGADO ALCOCER<br><br><br><br><br><br><br><br><br>DEBTOR(S). | Case No: LA19-19991-NB<br><br>CHAPTER 13<br><br><br><br>**TRUSTEE'S OBJECTIONS TO PLAN CONFIRMATION; DECLARATION IN SUPPORT THEREOF; AND NOTICE RE: EFFECT OF FAILURE TO APPEAR AT CONFIRMATION HEARING**<br><br>DATE:    December 19, 2019<br>TIME:     9:30 am<br>PLACE:   ROYBAL BUILDING<br>             255 EAST TEMPLE STREET<br>             Courtroom 1545 15th Floor<br>             LOS ANGELES, CA 90012 |

TO THE HONORABLE  NEIL W. BASON,  UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ALL PARTIES IN INTEREST:

The Chapter 13 Standing Trustee (the "Trustee") hereby objects to confirmation of the plan in that the Debtor(s) has failed to meet all of the mandatory requirements set forth under 11 U.S.C. §1325.  The Trustee's Objections are set forth in detail in Exhibit "A" of the attached Declaration in Support of the Trustee's Objections to Confirmation.  The Objections are based on information as known to the Trustee as of the §341(a) Meeting of Creditors (The "Meeting").  The Trustee reserves the right to raise additional objections.

Unless otherwise specified at the Meeting, the Trustee requests that the debtor(s) provide any new or amended documents no later than five days after the Meeting.  Pursuant to 11 U.S.C. §521(3), the debtor(s) is required to cooperate with the Trustee.

**THE   FAILURE   OF   THE   DEBTOR(S)   OR   THE   ATTORNEY   FOR   DEBTOR(S),   TO   APPEAR   AT   THE CONFIRMATION HEARING IS CAUSE FOR DISMISSAL OR CONVERSION OF THE CASE UNLESS**

THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S) IS EXCUSED BY THE TRUSTEE OR BY A COURT ORDER PURSUANT TO L.B.R. 3015-1(d).

THE DEBTOR(S) AND ATTORNEY FOR DEBTOR(S), IF ANY, ARE ALSO ADVISED THAT THE CASE MAY BE DISMISSED OR CONVERTED AT THE CONFIRMATION HEARING IF ALL PLAN PAYMENTS AND THE DECLARATION SETTING FORTH POST-PETITION PRECONFIRMATION DEED OF TRUST PAYMENTS (OFFICIAL FORM F3015-1.4) ARE NOT TENDERED TO THE TRUSTEE PRIOR TO THE DULY NOTICED HEARING TIME.

WHEREFORE, the Standing Trustee respectfully requests that confirmation of the plan be denied.

DATED: 10/22/2019

_____
KATHY A. DOCKERY, Chapter 13 Trustee

**DECLARATION OF KATHY A. DOCKERY**

I, Kathy A. Dockery, declare as follows:

1. I am the standing Chapter 13 Trustee in this matter and by virtue thereof, I have personal knowledge of files and records kept by my office in the regular course of business. I have personally reviewed the files and records kept by my office in the within case. The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called to do so.

2. The Trustee objects to confirmation of the proposed Plan due to the following deficiencies all of which existed prior to or at the time of the §341(a) Meeting(s) held in this matter. A true and correct copy of the Trustee's Objections in this matter is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Debtor(s) is requested to provide the documents and information set forth in Exhibit "A".

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 10/22/2019

_____
KATHY A. DOCKERY,  Chapter 13 Trustee

EXHIBIT A

## Trustee Objections

**If the debtor(s) fails to produce the documents and resolve the issues set forth in this trustee's objection to confirmation, the trustee may recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors.  See 11 U.S.C. §§1307(c) and 1307(c) (1).**

### BANKRUPTCY PAYMENTS DUE AT CONFIRMATION

**Bankruptcy Payments due at confirmation must be mailed to the Trustee's lockbox prior to the confirmation hearing.  The Debtor or Attorney must present the Plan Payment Declaration with an attached copy of the bankruptcy payment and a certified proof of mailing at the confirmation hearing.  The Trustee's lockbox address is as follows:**

**Chapter 13 Trustee
P.O. Box 691
Memphis, TN 38101-0691**

**If you do not have evidence that your bankruptcy payments are current, your case may be dismissed at the confirmation hearing.**

*Other issues may arise at or before confirmation requiring additional action or information by the debtor and debtor's counsel.*

### *RESPONSES TO THE TRUSTEE'S OBJECTIONS ARE DUE ON October 14, 2019October 14, 2019*

*Responses to the Trustee's Objections must be uploaded to our website* <u>*latrustee.com*</u> *on the tab* <u>*T.R.U.*</u>  *If your firm is not registered for T.R.U., email our office at tru@latrustee.com for a user name and password for your firm.*

<u>*All documents that are required to be filed with the Bankruptcy Court must be uploaded to PACER prior to submittal to the Trustee's website.*</u>

| No. | OBJECTION | Amendment or Documentation Requested |
|---|---|---|
| | The Plan | |
| 1. | The Trustee requests that the Debtor's(s') proposed plan provide for the issuance of a payroll deduction order without further court order upon the Debtor becoming delinquent by two or more plan payments. The Debtor is also requested to check off the box in Part 1) 1.4 of the Plan to say "included" for other non-standard provisions. The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Plan: Other Nonstandard Provisions** **Plan: Part 1, 1.4** |
| 2. | The Debtor(s) is requested to be clear with her intent as to whether or not the 2nd Trust Deed lien of Specialized Loan Servicing, LLC is to be avoided. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Plan** |
| 3. | If the above lien is to be avoided, then the Debtor(s) is requested to change the "not included" to "included" under 1.1 and 1.4 of the Plan. The Debtor is also requested to include this claim in class 3B of the Plan and to disclose the creditor, Specialized Loan Servicing, LLC on Attachment A. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Plan** **Attachment A** |

Celia Salgado Alcocer
1919991
10/22/2019 2:02:28 PM

| | | |
|---|---|---|
| 4. | The Debtor(s) is requested to file and prosecute the Lien Avoidance Motion/s. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Lien Strip Motion** |
| | Income (Schedule I) | |
| 5. | The Debtor(s) is requested to provide a copy of the 2018 Federal Income Tax Returns. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **2018 Federal Income Tax Return** |
| 6. | The Debtor(s) has failed to provide the family support proof of income. L.B.R. § 3015-1(c)(3). | **Contribution Declaration** <br> **Pay Check Stubs** |
| 7. | The Debtor(s) has failed to provide rental proof of income. L.B.R. § 3015-1(c)(3). | **Lease Agreements** <br> **Rent Receipts** |
| | Expenses (Schedule J) | |
| 8. | If the lien avoidance action does no forward, the Debtor(s) is requested to show the 2TD monthly expense. The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. See 11 U.S.C. §521(1); *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule J** |
| | Assets (Schedules A,B,C) | |
| 9. | If the Debtor(s) files a plan or amended plan which provides for less than a 100% dividend to Class 5 Creditors, the Debtor(s) is requested to provide evidence of the current fair market value of all real property the Debtor(s) discloses on Schedule A/B. The Debtor has the burden of proof for plan confirmation. See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001); the Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Evidence of Real Property Valuation** <br><br> **Evidence can include any of the following:** <br> ▪**Broker Price Opinion** <br> ▪**Appraisal** <br> ▪**Online Appraisal** <br> ▪**Evidence of Prior Sales** |
| | Miscellaneous Objections | |
| 10. | The Debtor(s) is requested to provide appropriate evidence of all required plan payments which have come due prior to the date and time of the scheduled confirmation hearing pursuant to the Trustee's policy and Local Bankruptcy Rules 3015-1(k) et seq. and 3015-1(m) et seq. <br><br> ***Electronic plan payments made through TFS must be submitted 5 days before the Confirmation Hearing. Any TFS payments submitted less than 6 days prior to the Confirmation Hearing may not be deemed evidence of the required plan payment.*** <br><br> **Failure to timely submit plan payments including electronic payments may be cause for dismissal or conversion of the case to a case under chapter 7 pursuant to 11 U.S.C. Section 1307(c) and Local Bankruptcy Rule 3015-1(k)(4) and 3015-1(m)(8).** | **Evidence of Plan Payments including Proof of Mailing** <br><br> **Evidence of Electronic Payments with date of the transaction** |
| 11. | The Debtor(s) has failed to disclose the account numbers for her first and second deed of trust creditors. The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. See 11 U.S.C. §521(1); *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule D** |

Celia Salgado Alcocer
1919991
10/22/2019 2:02:28 PM

Celia Salgado Alcocer
1919991
10/22/2019 2:02:28 PM

| In re: **CELIA SALGADO ALCOCER** | CHAPTER: 13 |
|---|---|
|  | CASE NUMBER: **2:19-bk-19991-NB** |

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
801 S. Figueroa Street, Suite 1850
Los Angeles, California 90017

A true and correct copy of the foregoing document described as "TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN (BATCH)", will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 10/23/19, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/23/19 | Gloria Mangum | /s/ Gloria Mangum |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-3.1**

| In re: **CELIA SALGADO ALCOCER** | CHAPTER: 13 |
|---|---|
| | CASE NUMBER: **2:19-bk-19991-NB** |

## Service List

Celia Salgado Alcocer
1003 Big Dalton Ave
La Puente, CA 91746

PENA & SOMA, APC
402 S. MARENGO AVE. SUITE B
PASADENA, CA 91101

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                          **F 9013-3.1**